No. 30,400.

C. E. JENKINS, *Appellant*, v. GRANT STAFFORD, *Appellee*.

(9 P. 2d 646.)

Opinion filed April 2, 1932.

O *Renn*, George *Templar*, both of Arkansas City, and *Harold W. Herrick*, of Winfield, for the appellant.

L. D. *Moore* and H. O. *Janicke*, both of Winfield, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by C. E. Jenkins against Grant Stafford and H. T. Trice, for money paid to defendants and damages suffered by plaintiff as a consequence of the fraud of defendants in connection with a proposed sale of land. Stafford's demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

Plaintiff lived in Nebraska, and was induced to come to Kansas as a prospective land buyer. Trice signed a contract to sell plaintiff a quarter section of land which neither Trice nor Stafford owned

and which they had no authority to sell. The price to plaintiff was $100 per acre, or $16,000. Plaintiff's quarter section of land in Nebraska was to be accepted in part payment at the price of $7,400, and plaintiff agreed to pay the balance in cash. Plaintiff paid $100 at the time the contract was signed in March. In April plaintiff came down from Nebraska and was told he must pay $1,000 more to hold the deal. Plaintiff paid the $1,000. In July plaintiff received a letter telling him to come to Winfield at once. Arriving at Winfield, plaintiff was told the deal could not be made, clear title could not be obtained, and it would be necessary for plaintiff to take some other land. Plaintiff said he wanted the land he contracted for or nothing. Plaintiff was then told if he would pay $500 more, and would give ninety days more time, the deal could be put through. Plaintiff paid the $500. While the check was made payable to Trice, it was at once indorsed and delivered to Stafford. Stafford sent the money to a bank to be paid to James E. Davis, the owner of the land, and Davis received the money. Davis was to get $75 per acre for the land, or $12,000, and he was willing to accept, in part payment, a mortgage on the land for $6,000. Davis put a deed in a bank on July 6. He waited until October 23, and nothing having been done, he withdrew the deed.

Plaintiff moved from Nebraska to Winfield in September. One morning Trice came to plaintiff's house, and said he would go to Salina and find a land buyer, to get some money to close the deal. The result was, plaintiff was authorized to go to Nebraska and sell the farm there for $45 per acre, which he did. He paid an agent's commission, and received $3,100 in cash and a note for $835, certified to be good. The purchaser assumed a mortgage on the land. Plaintiff returned to Winfield, reported the sale, and announced he was ready to close his purchase. He was told nothing could be done, and plaintiff would have to take another piece of land. Plaintiff demanded a deed or his money, and then Trice said:

"We got $1,600 of your money. Davis got $500. That leaves us owing you $1,100. I am charging you $800 commission for making the deal, and that brings us down to where it would leave us owing you $300."

It will be remembered plaintiff had no contract with Davis or dealing with Davis. Plaintiff was buying the Davis land pursuant to a contract signed by Trice, and to get the land Trice was obliged to pay $6,000 in cash, above the mortgage Davis was willing to accept. Plaintiff testified he did not make the sale of the Nebraska

land for himself. He made the sale for Trice, and it was not material to plaintiff what Trice got for the land. There was no evidence of objection to the manner in which plaintiff disposed of the Nebraska land, and refusal to complete the purchase of the Davis land was not based on any act or default of plaintiff. Plaintiff sued for the $1,600 paid to defendants, less $150 returned to him, and sued for the difference between the sale price of the Nebraska land and its reasonable market value.

The foregoing is a sketch of the origin of the lawsuit. In support of the ruling sustaining the demurrer to plaintiff's evidence two points are made: first, that Stafford was not involved in the transaction between plaintiff and Trice; and second, it was plaintiff's fault that the sale of the Davis land was not consummated. There was abundant evidence warranting an inference that Stafford was working with Trice as a party in interest, and there was sufficient substantial evidence warranting an inference that the sale failed because of the fault of Stafford and Trice. It is not necessary to discuss the evidence in detail.

The judgment of the district court is reversed, and the cause is remanded with direction to grant a new trial.